IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL C. TIERNEY #A0102434, | ) ) ) | CIVIL NO. 11-00246 LEK-RLP |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| WARDEN NOLAN P. ESPINDA, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PETITIONER MICHAEL TIERNEY'S:
(1) APPEAL OF ORDER DENYING MOTIONS FOR RELEASE ON
BAIL, APPOINTMENT OF COUNSEL, AND EVIDENTIARY HEARING;
AND (2) REQUEST FOR A CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Petitioner Michael Tierney's ("Petitioner" or "Tierney") "Notice of Appeal Certificate of Appealability" ("Motion"), filed on May 12, 2011. [Dkt. no. 17.] In the Motion, Plaintiff seeks "to appeal the denial of release or bail pending disposition of his application of his Petition for Writ of Habeas Corpus." [Motion at 1.] Plaintiff also seeks a "Certificate of Appealability". [Id.] The Court construes Plaintiff's Motion as both an appeal to this Court of the magistrate judge's Order Denying Motions for Release on Bail, Appointment of Counsel, and Evidentiary Hearing ("Bail Order"), [filed 5/4/11 (dkt. no. 13),] and a request that this Court certify the Bail Order for interlocutory appeal. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United

States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Petitioner's Motion is HEREBY DENIED.

**BACKGROUND**

On April 21, 2011, Tierney filed a petition for writ of habeas corpus ("Petition"). [Dkt. no. 5.] On April 26, 2011, the magistrate judge issued an order that, *inter alia*, dismissed the Petition for failure to name a proper respondent and directed Petitioner to file an amended petition on or before May 25, 2011. [Dkt. no. 8.]

On April 28, 2011, Petitioner filed three motions, including his "Motion for Release or Bail Pending Disposition of Application of Petition of Writ of Habeas Corpus" (dkt. no. 10) ("Bail Motion"). On May 4, 2011, the magistrate judge issued the Bail Order denying these motions.

Petitioner filed his amended petition on May 5, 2011. [Dkt. no. 14.]

**DISCUSSION**

**I.  Appeal of the Bail Order**

Petitioner "requests to appeal the denial of release or bail pending disposition of his application of his Petition for Writ of Habeas Corpus." [Motion at 1.] The Court interprets this request as an appeal of the Bail Order to this Court.

A party may appeal to the district court any

>     pretrial nondispositive matter ruled on by a
>     magistrate judge.  28 U.S.C. § 636(b)(1)(A).  A
>     magistrate judge's order regarding nondispositive
>     matters may be reversed by the district court
>     judge only when it is "clearly erroneous or
>     contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed.
>     R. Civ. P. 72(a).

JJCO, Inc. v. Isuzu Motors Am., Inc., Civ. No. 08-00419 SOM-LEK, 2009 WL 3569600, at *2 (D. Hawai`i Oct. 30, 2009) (footnote omitted).

>     The threshold of the "clearly erroneous" test
>     is high and significantly deferential.  "A finding
>     is 'clearly erroneous' when although there is
>     evidence to support it, the reviewing court on the
>     entire evidence is left with the definite and firm
>     conviction that a mistake has been committed."
>     United States v. U.S. Gypsum Co., 333 U.S. 364,
>     395 (1948); Mathews v. Chevron Corp., 362 F.3d
>     1172, 1180 (9th Cir. 2004).  In comparison, a
>     magistrate judge's order is contrary to law if the
>     judge applies an incorrect legal standard or fails
>     to consider an element of the applicable standard.
>     See Hunt v. Nat'l Broad. Co., 872 F.2d 289, 292
>     (9th Cir. 1989) (noting that such failures
>     constitute abuse of discretion).

Club at Hokuli`a, Inc. v. Am. Motorists Ins. Co., Civil No. 10-00241 JMS-LEK, 2010 WL 4386741, at *3 (D. Hawai`i Oct. 26, 2010) (some citations omitted).  A district judge must not simply substitute her judgment for the magistrate judge's judgment. JJCO, 2009 WL 3569600, at *2 (citing Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (noting that a magistrate judge's nondispositive pretrial orders under § 636(b)(1)(A) are not subject to a de novo determination)).

Petitioner's Motion does not identify any aspects of

the Bail Order that are "clearly erroneous or contrary to law[,]" nor has this Court found any. The Court therefore FINDS that there are no grounds warranting reversal of the denial of Petitioner's Bail Motion. Petitioner's Motion is therefore DENIED to the extent that it appeals the Bail Order to this Court.

II. **Request for Certification for Interlocutory Appeal**

Petitioner requests a certificate of appealability from this Court to appeal the Bail Order to the Ninth Circuit. [Motion at 1.] Petitioner also argues that the Bail Order is immediately appealable as a collateral order because the subject of the order is separable from its merits and the order would otherwise be unreviewable. [Id. (citing Grune v. Coughlin, 913 F.2d 41, 43-44 (2d Cir. 1990)).] The Court construes Petitioner's request for a certificate of appealability as a request to certify the Bail Order for interlocutory appeal.[1]

A district judge can certify an otherwise non-appealable order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which states, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order

---

[1] The Court notes that Plaintiff cannot obtain a certificate of appealability for the Bail Order because it is not a final order. See 28 U.S.C. § 2253(c).

4

> involves a controlling question of law as to which
> there is substantial ground for difference of
> opinion and that an immediate appeal from the
> order may materially advance the ultimate
> termination of the litigation, he shall so state
> in writing in such order. . . .

This district court has recognized that:

> An interlocutory appeal should be granted
> "only in exceptional situations in which allowing
> an interlocutory appeal would avoid protracted and
> expensive litigation." In re Cement Antitrust
> Litig., 673 F.2d [1020,] 1026 [(9th Cir. 1982)]
> (citing U.S. Rubber Co. v. Wright, 359 F.2d 784,
> 785 (9th Cir. 1966) (per curiam)); see also
> Coopers & Lybrand [v. Livesay], 437 U.S. [463,]
> 475 [(1978)]; United States v. Woodbury, 263 F.2d
> 784, 788 n.11 (9th Cir. 1959). The party seeking
> certification of an interlocutory order has the
> burden of establishing the existence of such
> exceptional circumstances. See Coopers & Lybrand,
> 437 U.S. at 475.

Durham v. Cnty. of Maui, Civ. No. 08-00342 JMS/LEK, 2010 WL 3984658, at *2 (D. Hawai`i Oct. 8, 2010).

Petitioner cites Grune v. Coughlin, 913 F.2d 41, 43-44 (2d Cir. 1990), for the proposition that an order denying bail pending review of a habeas petition is immediately appealable as a collateral order. [Motion at 1.] The Ninth Circuit, however, has held to the contrary. See Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989) (per curiam) (dismissing for lack of jurisdiction appeal of a magistrate judge's order denying bail pending a decision on a petition for a writ of habeas corpus because it was "neither an appeal from a final judgment, nor a valid interlocutory appeal under the collateral order exception"

5

(citations omitted)).  The Court therefore FINDS that the Bail Order does not present an exceptional situation in which an interlocutory appeal is warranted, particularly where there was no pending habeas petition in this case at the time Petitioner filed the Bail Motion.  Petitioner's Motion is therefore DENIED to the extent that it requests certification of the Bail Order for interlocutory appeal.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion, titled "Notice of Appeal Certificate of Appealability" and filed May 12, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 31, 2011.



　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge


**MICHAEL C. TIERNEY V. WARDEN NOLAN ESPINDA; CIVIL NO. 11-00246 LEK-RLP; ORDER DENYING PETITIONER MICHAEL TIERNEY'S (1) APPEAL OF ORDER DENYING MOTIONS FOR RELEASE ON BAIL, APPOINTMENT OF COUNSEL, AND EVIDENTIARY HEARING; AND (2) REQUEST FOR A CERTIFICATE OF APPEALABILITY**