IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL C. TIERNEY #A0102434, | ) ) ) | CIVIL NO. 11-00246 LEK-RLP |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| WARDEN NOLAN P. ESPINDA, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PETITIONER'S MOTION TO ORDER EXPANSION OF THE RECORD AND DENYING PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY (1) AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND (2) CERTIFICATE OF APPEALABILITY AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION**

On August 5, 2011, the magistrate judge filed his Findings and Recommendation to Deny (1) Amended Petition for Writ of Habeas Corpus and (2) Certificate of Appealability ("F&R"). On August 11, 2011, pro se Petitioner Michael C. Tierney ("Petitioner"), filed his objections to the F&R ("Objections"). On August 16, 2011, Petitioner filed a Motion to Order Expansion of the Record ("Motion"). Respondent Nolan P. Espinda ("Respondent") filed his response to Petitioner's Objections and Motion ("Response") on September 13, 2011.[1] The Court finds

---

[1] Petitioner also filed a Reply to the Respondent's Response on September 20, 2011. [Dkt. no. 41] Local Rule LR74.2 states that "[n]o reply in support of objections or crossobjections to a magistrate judge's case-dispositive proposed order, findings, or recommendations shall be filed without leave of court." Petitioner did not obtain leave to file a Reply to the
(continued...)

these matters suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the parties' submissions and the relevant legal authority, the Court HEREBY DENIES Petitioner's Motion and Objections and ADOPTS the magistrate judge's F&R, for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and legal history of this case, and the Court will only repeat the history that is relevant to the instant Objections and Motion.

Petitioner filed his amended petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Amended Petition") on May 15, 2011, challenging his judgment of conviction and sentence filed in the Circuit Court of the First Circuit ("circuit court"), State of Hawai'i, on October 27, 2009. [Dkt. no. 14.] Petitioner was charged on June 5, 2008 in CR. No. 08-1-0869, with Theft and Burglary, both in the Second Degree. [Respondent's Answer, filed 6/27/11 (dkt. no. 24), at 1.] Petitioner was first represented by Deputy Public Defender Edward Harada at his

---

[1](...continued)
Respondent's Response, and the Reply addresses only Petitioner's Objections; it does not address issues raised in the Motion. This Court, therefore, did not consider Petitioner's Reply in ruling on the Objections.

arraignment and plea. [Id. at 1-2.] After entering a plea of not guilty, Mr. Harada orally moved to withdraw as counsel. The circuit court granted the motion, finding a conflict of interest existed between Petitioner and the Office of the Public Defender. [Id. at 2.] Petitioner later alleged that Mr. Harada threatened to kill him at the arraignment and plea, although this allegation is not supported by any evidence in the record. The circuit court appointed Arthur Indiola, Esq., to represent Petitioner, but during pretrial proceedings, Petitioner waived the right to counsel, and the circuit court granted his request to proceed pro se. The circuit court retained Mr. Indiola as standby counsel. [Id.]

During the trial's jury selection, a potential replacement juror, Richard Primak, stated that he was a probation officer and indicated that Petitioner looked familiar. [Respondent's Answer, Appx. L, Tr. 1/12/2009 (dkt. no. 24-14), at 59.] The court excused Mr. Primak and instructed the jury to draw no inferences from the comment because Petitioner had never been on probation in Mr. Primak's office. On January 15, 2009, the jury unanimously convicted Petitioner of both charges. [Respondent's Answer at 4, 8.]

The circuit court appointed Walter Rodbey, Esq., as appellate counsel. [Respondent's Answer, Appx. R, Order Appointing Counsel (dkt. no. 24-22).] Petitioner timely

appealed, arguing that his rights to counsel, a fair and impartial judge and fair and impartial jury were violated, and that the evidence was insufficient to convict him. [Respondent's Answer, Appx. AA, Opening Br. on Appeal (dkt. no. 24-32).] On December 29, 2010, the Hawai‘i Intermediate Court of Appeals ("ICA") affirmed the conviction by summary disposition order, and the Hawai‘i Supreme Court rejected Petitioner's application for a writ of certiorari on March 7, 2011. [Respondent's Answer at 12 (citing dkt. nos. 24-34 and 24-35).]

In the Amended Petition, Petitioner raised four grounds for relief: (1) Ground One – denial of the right to counsel; (2) Ground Two – denial of the right to an impartial judge; (3) Ground Three – jury tampering; and (4) Ground 4 – insufficient evidence. Respondent filed an answer on June 27, 2011, and Petitioner filed a response on July 6, 2011.

In the F&R, the magistrate judge found and recommended that the Amended Petition and certificate of appealability be denied. As to Ground One, the magistrate judge found that the claim was exhausted, but was without merit because Petitioner's claim that defense counsel threatened to kill him was not supported by any evidence and was patently frivolous, and because Petitioner waived his right to counsel. [F&R at 12-17.] As to Grounds Two, Three and Four, the magistrate judge found that Petitioner "technically" exhausted, but procedurally defaulted on

these claims, and, therefore, they were procedurally barred. [Id. at 18-19, 23.] The magistrate judge denied the certificate of appealability, finding that reasonable jurists would not find that the denial of Ground One was debatable or wrong, or that the denial of Grounds Two, Three, and Four as procedurally barred was debatable. [Id. at 24-25.]

## I.  **Petitioner's Motion**

Petitioner's Motion asks that following be made part of the record in this case: his requests for certiorari denied on January 18, 2011, March 7, 2011, and March 18, 2011; his ineffective assistance of counsel post-conviction petitions; the original video-taped proceedings of his arraignment on June 16, 2008; and a copy of his supplemental pro se brief consolidated with his motion for new trial filed in the ICA on February 11, 2010. [Motion at 1.] Petitioner provides no legal authority entitling him to expand the record and does not explain in a coherent manner why these documents or evidence are necessary. Instead, he repeats arguments made in his Objections, and claims that "[t]he law is clear on these crimes that were committed against Petitioner by public defender Edward Harada, probation officer Richard, Judge Richard Perkins and D.P.A. Peter Massack, '<u>he gets a hearing</u>' on these crimes committed against him by these public officials." [Id. at 2 (emphasis added).]

## II. Objections and Response

### A. Objections

Petitioner raises the following objections to the F&R: 1) all the Grounds were exhausted; 2) the failure to review his claims will result in a fundamental miscarriage of justice; and 3) the certificate of appealability should be granted because Petitioner has made a substantial showing of a denial of a constitutional right. [Objections at 1-4.]

### B. Response

In the Response, Respondent argues that Petitioner's Objections are without merit. First, to the extent Petitioner argues that he exhausted his claims and that initiation of collateral attack is not necessary, his argument is nonsensical because the magistrate judge found that Ground One was exhausted, and Grounds Two, Three, and Four were "technically" exhausted. Moreover, because the magistrate judge found that the Grounds were exhausted, there was no need for Petitioner to raise the issue of collateral attack in his Objections. [Response at 4.]

Next, Respondent asserts that Petitioner fails to meet his burden of showing that the failure to review his claim would result in a fundamental miscarriage of justice. To the extent Petitioner raises a claim of actual innocence, Respondent points to the magistrate judge's finding that Petitioner presented no new evidence establishing that he is actually innocent, or, that

6

no reasonable juror would lack reasonable doubt of his guilt. [Id. at 4-5.] In the absence of any new evidence, Petitioner's objection must fail. [Id. at 7.]

With respect to the certificate of appealability, Respondent argues that Petitioner fails to meet his burden of showing that reasonable jurists would find the F&R's assessment of the constitutional claims debatable or wrong. He also presented no evidence to support his statements that the circuit court judge threatened him, whereas the transcripts show that no such interaction occurred. Respondent argues that Petitioner fails to meet his burden of showing that jurists of reason would find debatable whether Petitioner waived his federal claims and whether the Amended Petition states a valid claim. [Id. at 9-10.]

Finally, as to Petitioner's Motion, Respondent argues that Petitioner is not entitled to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Court. In any event, several of the documents requested by Petitioner are already part of the record in this matter. For example, the requested Hawaiʻi Supreme Court orders dated March 7, 2011 and March 18, 2011 are attached to Respondent's Answer to Petition for Writ of Habeas Corpus. [Id. at 11 n.2 (citing Respondent's Answer (dkt. nos. 24-35 at 69-70)).] Respondent asks the Court to deny the Motion.

**STANDARD**

Any party may file objections to a magistrate judge's findings and recommendation regarding a case dispositive matter. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b); Local Rule LR74.2.

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

§ 636(b)(1). "[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. 667, 676 (1980) (citation omitted); accord Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004) (citing Raddatz). Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

**DISCUSSION**

I. **Petitioner's First Objection - Exhaustion**

Petitioner argues at length that he has exhausted his claims. [Objections at 1-2.] The F&R did not find to the contrary.

With respect to exhaustion, this Court has examined the issue de novo and agrees with the F&R on this point. The magistrate judge properly concluded that Petitioner's Ground One was exhausted, and that Grounds Two, Three, and Four were "technically" exhausted. Petitioner has presented no reason to reject or modify the F&R. The Court therefore DENIES Petitioner's first objection to the F&R.

## II. **Petitioner's Second Objection - Miscarriage of Justice**

Petitioner next argues that the failure to review his claims will result in a fundamental miscarriage of justice, and cites Murray v. Carrier, 477 U.S. 478, 496 (1986), for the proposition that "procedural default would be excused, even in the absence of counsel, when a constitutional violation has probably resulted in the conviction of one who is <u>actually innocent</u>.'" [Objections at 2 (emphasis in original).] The magistrate judge found that Petitioner procedurally defaulted on Grounds Two, Three, and Four and that he did not demonstrate that the failure to consider the claims would result in a fundamental miscarriage of justice. [F&R at 21-23.]

This Court has examined the issue de novo and agrees with the F&R on this point. "[A] 'petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Lee v. Lampert, – F.3d – , No. 09–35276, 2011 WL 3275947, at *6 (9th

9

Cir. Aug. 2, 2011) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Petitioner, however, has presented no new, reliable evidence that creates a colorable claim of actual innocence. Rather, the evidence noted in the Amended Petition was presented at trial and rejected by the jury. The Court therefore DENIES Petitioner's second objection to the F&R.

### III. **Petitioner's Third Objection - Certificate of Appealability**

Third, Petitioner objects to the denial of a certificate of appealability. He argues that he has made a substantial showing of the denial of his constitutional rights, including his Sixth Amendment right to counsel, the right to an impartial judge and jury, and actual innocence. [Objections at 4.] The magistrate judge found that reasonable jurists would not find the denial of Ground One was debatable or wrong, or that the denial of Grounds Two, Three, and Four as procedurally barred was debatable, and recommended that the certificate of appealability be denied. [F&R at 24-25.]

This Court has examined the issue de novo and agrees with the F&R's denial of the certificate of appealability. A certificate of appealability may issue only if the Petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner's Objections fail to substantiate his claims, and merely restate his legal conclusion that his constitutional rights were violated. The Court finds

that reasonable jurists could not debate whether the Amended Petition states a valid claim for the denial of a constitutional right, or find it debatable whether the district court was correct with respect to its procedural rulings. See Ybarra v. McDaniel, – F.3d – , No. 07-99019, 2011 WL 3890741, at *9 (9th Cir. Sept. 6, 2011) (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). The Court therefore DENIES Petitioner's third objection to the F&R.

## IV. **Petitioner's Motion**

Rule 7 of the Rules Governing Section 2254 Cases provides as follows:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

According to the Ninth Circuit, "the conditions of § 2254(e)(2) generally apply to Petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing." Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005) (citing Holland v. Jackson, 542 U.S. 649, 652-53, 124 S. Ct.

11

2736, 159 L. Ed. 2d 683 (2004)). "An exception to this general rule exists if a Petitioner exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings." Id. at 1241 (citing Williams v. Taylor, 529 U.S. 420, 427, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000)).

Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

A petitioner seeking to expand the record or seeking an evidentiary hearing must generally allege facts that, if proven, would entitle him to relief. Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir. 1997). Petitioner's Motion fails to do so.

Here, Petitioner does not explain the basis for his request to expand the record or how his request complies with § 2254(e)(2). Petitioner does not address his failure to develop the factual basis for his claims in state court proceedings, or how he was not a fault for failing to develop such evidence. Nor

12

is their any showing of diligence.  See Cooper-Smith, 397 F.3d at 1241 (Diligence "depends upon whether petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."). Petitioner does not explain why the evidence could not have been discovered through the exercise of due diligence and presented to the state courts in Petitioner's criminal appeals and post-conviction petitions.  Rather, Petitioner simply asks the Court to consider additional evidence and pleadings from his other proceedings.  The Court, therefore, finds that Petitioner has not met the conditions of § 2254(e)(2), and the Motion is DENIED.  Further, to the extent the requested documents are already part of the record in this case, the Motion is DENIED AS MOOT.

## **CONCLUSION**

On the basis of the foregoing, the Court HEREBY DENIES Petitioner's Objections to Magistrate's Findings and Recommendations, filed August 11, 2011, and Motion to Order Expansion of the Record, filed August 16, 2011.  The Court HEREBY ADOPTS the magistrate judge's Findings and Recommendation to Deny (1) Amended Petition for Writ of Habeas Corpus and (2) Certificate of Appealability, filed August 5, 2011.

DATED AT HONOLULU, HAWAII, September 30, 2011.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL C. TIERNEY V. NOLAN P. ESPINDA; CIVIL NO. 11-00246 LEK-RLP; ORDER DENYING PETITIONER'S MOTION TO ORDER EXPANSION F THE RECORD AND DENYING PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY (1) AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND (2) CERTIFICATE OF APPEALABILITY AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION**