IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | CIV. NO. 11-00246 LEK-RLP |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | RULE 60(b) MOTIONS AND MOTION |
| vs. | ) | FOR BAIL OR RELEASE |
| | ) | |
| GOVERNOR NEIL ABERCROMBIE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING PETITIONER'S RULE 60(b) MOTIONS AND MOTION FOR BAIL OR RELEASE

On April 11, 2012, the Ninth Circuit Court of Appeals vacated and remanded this Court's orders declining to address Petitioner's Federal Rule of Civil Procedure 60(b) motions for reconsideration.  *See* ECF #57 ("First Motion"),#67 ("Second Motion").  On May 3, 2012, the appellate court's mandate issued and this case was reopened.  ECF #87.  Accordingly, the Court now considers Petitioner's motions for reconsideration of the September 30, 2011, Order adopting the Findings and Recommendation ("F&R") to deny the Amended Petition, denying the motion to expand the record, and denying a certificate of appealability ("COA").  *See* ECF #42 ("September 30 Order").  After careful consideration of Petitioner's Motions, the entire record, and the relevant legal authority, the Court DENIES Petitioner's Rule 60(b) Motions for the reasons set forth below.[1]

_____

[1] These matters are suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR99.16.2(a) of the Local
(continued...)

## I.   BACKGROUND[2]

Petitioner was convicted on October 27, 2009, in CR. No. 08-1-0869, in the Circuit Court of the First Circuit ("circuit court"), State of Hawai'i, for Theft and Burglary, both in the Second Degree.   ECF #24, Answer at 1.   Petitioner was represented by Deputy Public Defender Edward Harada at his arraignment and plea.   *Id.* at 1-2.   After entering a plea of not guilty, Harada moved to withdraw as counsel.   The circuit court granted the motion, finding a conflict of interest between Petitioner and the Office of the Public Defender.   *Id.* at 2. Petitioner later alleged that Harada threatened to kill him at the arraignment and plea, although this allegation is not supported by any evidence in the record.   The circuit court appointed Arthur Indiola, Esq., to represent Petitioner.   During pretrial proceedings, Petitioner waived the right to counsel, and the circuit court granted his request to proceed pro se.   The circuit court retained Indiola as standby counsel.   *Id.*

After trial, the circuit court allowed Indiola to withdraw and appointed Walter Rodby, Esq., as appellate counsel. ECF #24-22, Appx. R to Answer.   Petitioner timely appealed,

---

[1](...continued)
Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

[2] The parties and the Court are familiar with the factual and legal history of this case, and the Court will only repeat the history that is relevant to Petitioner's Rule 60(b) Motions.

arguing that the evidence was insufficient to convict him and that his rights to counsel and a fair and impartial judge and jury were violated.   ECF #24-32, Appx. AA to Answer.   On December 29, 2010, the Hawai'i Intermediate Court of Appeals ("ICA") affirmed the conviction by summary disposition order and judgment on appeal entered on January 27, 2011.   ECF #24-35 at 59, Appx. to Answer.   The Hawai'i Supreme Court rejected Petitioner's January 22, 2011, application for a writ of *certiorari* on March 7, 2011.   *See id.* at 69.   On March 16, 2011, Petitioner filed a motion under Hawai`i Rules of Civil Procedure 60(b), for relief from judgment, that the Hawai`i Supreme Court rejected on March 18, 2011.   *See id.* at 70.

While his direct appeal was pending, Petitioner filed a petition for writ of mandamus directed at his appellate attorney, Rodby.[3]   *See Tierney v. Rodby*, No. SCPW-11-0000109, 2011 WL 1090303, *unpub.* (Haw. Mar. 10, 2011).   The Hawaii Supreme Court rejected Petitioner's request, stating that "it appears that mandamus does not lie against petitioner's court-appointed counsel[,]" and dismissed the mandamus petition for lack of

---

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).   A court may also take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001).

jurisdiction on March 10, 2011. *Id.* Petitioner submitted a copy of the Hawai`i Supreme Court's March 24, 2011, order rejecting his motion for reconsideration of this decision, to support his claim that he raised and exhausted his ineffective assistance of appellate counsel ("IAC") claims before the state court. *See* ECF #41-4, Pet'r Reply to State's Response, Appx. 4.

On May 15, 2011, Petitioner filed his amended petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Amended Petition"). ECF #14. Petitioner raised four grounds for relief: (1) Ground One – denial of the right to counsel; (2) Ground Two – denial of the right to an impartial judge; (3) Ground Three – jury tampering; and (4) Ground 4 – insufficient evidence. Respondent filed an answer on June 27, 2011, and Petitioner filed a response on July 6, 2011.

On August 5, 2011, the magistrate judge found and recommended that the Amended Petition and COA be denied. ECF #33, F&R. As to Ground One, the magistrate judge found that the claim was exhausted, but was without merit because Petitioner's claim that defense counsel threatened to kill him was unsupported by any evidence and patently frivolous, and because Petitioner waived his right to counsel. F&R at 12-17. As to Grounds Two, Three and Four, the magistrate judge found that Petitioner "technically" exhausted, but procedurally defaulted these claims, and they were procedurally barred. F&R at 18-19, 23. The

4

magistrate judge recommended denying a COA, finding that reasonable jurists would not find the denial of Ground One was debatable or wrong, or that the denial of Grounds Two, Three, and Four as procedurally barred was debatable. *Id.* at 24-25.

On August 11, 2011, Petitioner filed objections to the F&R. ECF #35. On August 16, 2011, he moved to expand the record. ECF #37. After *de novo* review of the entire record and consideration of the relevant case law, this Court denied Petitioner's motion to expand the record and adopted the F&R over Petitioner's objections, including the recommendation to deny the COA. ECF #42, September 30 Order.

On October 13, 2011, Petitioner appealed. ECF #52. On October 18, 2011, Petitioner moved for reconsideration of the September 30 Order. ECF #57. The Court denied the motion for reconsideration, mistakenly believing it was divested of jurisdiction. *See* ECF #58. On January 25, 2012, Petitioner filed a second motion for reconsideration of the September 30, 2012 Order and other matters, ECF #67,[4] and the Court again declined to consider it while his appeal was pending, ECF #68.

After remand of his Rule 60(b) Motions, Petitioner moved for release on bail pending their disposition. ECF #89.

---

[4] Petitioner also seeks reconsideration of the denials appointment of counsel and evidentiary hearings. *See* ECF #4, #8, #13, #23, #39, #48.

5

## II.  <u>LEGAL STANDARD</u>

Petitioner moves for relief under Fed. R. Civ. P. 60(b).  Rule 60(b) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Motions to reconsider are committed to the sound discretion of the trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).  To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See e.g.*, *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of

new evidence; and (3) the need to correct clear error or prevent

manifest injustice.  *Id.* (citing *Mustafa v. Clark Cnty. Sch.*

*Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

### III.  **PETITIONER'S MOTIONS**

Petitioner's Rule 60(b) Motions are difficult to

comprehend.  *See generally,* ECF #57 ("First Motion"), #67

("Second Motion").  In both Motions, however, he alleges that

mistake, neglect, fraud, or new evidence justify reconsideration

of the September 30 Order denying his Amended Petition for habeas

relief and COA.

In his First Motion, Petitioner argues that: (1) the

Court erred by denying the COA without holding a separate

proceeding; (2) the State failed to disclose his exhausted IAC

claims against Rodby, which would have excused his procedural

default; (3) the Court erred by denying his motion for an

evidentiary hearing on the issue of Harada's alleged threats to

kill him; (4) he is actually innocent; (5) the Court failed to

conduct a *de novo* review of his Objections when it refused to

consider his Reply to the State's Response to his Objections; (6)

the Court erred by denying him assistance of counsel.  *See* ECF

#57, First Motion.

Petitioner generally reiterates these claims in his

Second Motion, and further alleges that: (1) dismissal of a

habeas petition on procedural grounds does not bar issuance of a

COA; (2) the Court erred by considering his First Motion as a second or successive habeas petition; and (3) the Court denied him access to the courts in violation of the First Amendment, by refusing to consider his Objections *de novo*, and grant him an evidentiary hearing on his claims.  *See* ECF #67.

## IV.  DISCUSSION

Petitioner raised substantially similar claims in his Amended Petition, and Objections to the Findings and Recommendation, as he raises in his Rule 60 motions.

### A.   Claims Re: Certificate of Appealability

Petitioner's claims regarding the denial of the COA are rejected.  First, it is the preferred and common practice within the Ninth Circuit for the district court to grant or deny a COA within the order denying the petition for writ of habeas corpus. There is no requirement that a district court hold a separate proceeding to consider the merits of a petitioner's request for COA.  Just as a court will construe a petitioner's notice of appeal as a request for a COA, *see United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997), the court may address the requirement for a COA within the order denying the petition. Doing so effectuates Congress' intent "to eliminate delays in the federal habeas review process," when it enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  *See Holland v. Florida*, 560 U.S. ----, ----, 130 S. Ct. 2549, 2562 (2010).

Petitioner submits no case law to the contrary.

Second, although Petitioner is correct that the denial of a habeas petition on procedural grounds (or otherwise) does not require the automatic denial of a COA, that is not what occurred in this case. The magistrate judge found that reasonable jurists would not find the denial of Ground One was debatable or wrong, or that the denial of Grounds Two, Three, and Four as procedurally barred was debatable, and recommended denial of the COA. *See* ECF #14, F&R at 24-25. After a careful, *de novo* examination of the issue, this Court agreed and denied the COA. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Had Petitioner presented issues that reasonable jurists would find debatable, the COA would have been granted.

Third, the Court did not construe Petitioner's 60(b) Motions as second or successive habeas petitions and deny them on that basis. As explained, the Court mistakenly believed its jurisdiction was divested by Petitioner's many notices of appeal. That error has been corrected by appellate remand and this Order.

Finally, the Court did not deny Petitioner access to the courts by denying the COA within the September 13 Order. The Court carefully considered and adjudicated Petitioner's petition and motions. Petitioner may now seek a COA directly from the Court of Appeals of the Ninth Circuit. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner fails to identify any lost

9

litigating opportunity caused by the Court's decision, or set forth new facts or law convincing this Court to reconsider and reverse its decision to deny the COA.

**B.    Claims Re: Failure to Disclose or Take Notice of Petitioner's Allegedly Exhausted IAC Claims**

Petitioner vaguely claims fraud based on the State's alleged "fail[ure] to disclose petitioner's separate and exhausted claim of ineffective assistance of counsel in state court." ECF #57 at 2-3.  He also claims the Court erred by denying his motion to expand the record to include this information.  Petitioner argues that, had this information been before the court, his appellate counsel's alleged ineffectiveness constituted cause to excuse his procedural default.  *See generally*, ECF #57, First Motion.

First, to demonstrate cause for a procedural default, a petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default only if the independent IAC claim, itself, has been exhausted in state court. *Id.* at 488-89.  Ineffective assistance of counsel cannot serve as cause if the IAC claim has been procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

10

First, Petitioner provides no evidence showing that he effectively exhausted his IAC claims against Rodby before filing his Petition, before the magistrate judge issued the F&R, or before this Court adopted the F&R.  To the contrary, both the record and publicly available records demonstrate that he did not.  Petitioner sought expansion of the record to include the Hawai`i Supreme Court's orders denying *certiorari* in the mandamus proceeding that he instituted against Rodby, to show that he had effectively exhausted his claims against Rodby.  *See* ECF #37, Motion to Order Expansion of the Record (to include "1/18/2011, 3/7/11" denials).  When Petitioner sought mandamus, however, Rodby was still representing Petitioner on direct appeal, and the Hawai`i Supreme Court rejected the petition for lack of jurisdiction.  *See Tierney v. Rodby*, 2011 WL 1090303, *1.  Thus, Petitioner's petition for mandamus against Rodby was explicitly procedurally barred by the Hawai`i Supreme Court.  As such, this claim was not properly exhausted under 28 U.S.C. § 2254(b)(1).  Nor did this course of action properly exhaust Petitioner's IAC claims against Rodby under Haw. R. Penal P. 40, which requires such motions to be made "[a]t any time but not prior to final judgment[.]"  Haw. R. Penal. P. 40(a)(1).

And finally, the documents that Petitioner wants made part of the record, and alleges were fraudulently withheld by the State, or mistakenly denied by the Court, were *already part of*

*the record* when this Court issued the September 30 Order.  *See* Answer, ECF 24-35 at 59 (Jan. 27, 2011 denial of cert.), 69 (Mar. 7, 2011 denial of cert.), 70 (Mar. 18, 2011 denial of cert.); ECF 41-4 (Mar. 24, 2011, denial of reconsideration of Mar. 10, 2011 denial of cert.).  These documents do not show that the State committed fraud, or the court mistakenly failed to credit Petitioner's claim that he exhausted an IAC claim against his appellate counsel so as to excuse his procedural default.

**C.  Claim Re: Actual Innocence**

Petitioner claims his actual innocence excuses his procedural default.  ECF #57 at 4.  Petitioner made this claim before the magistrate judge, who carefully considered and rejected it in the F&R.  *See* ECF #33, F&R at 22-23.  Petitioner provides nothing to convince this Court that this determination was incorrect.

A claim of actual innocence in support of the fundamental miscarriage of justice exception to the procedural default rule requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence – that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Cook v. Schriro*, 538 F.3d 1000, 1029 (9th Cir. 2008).  Petitioner presented no such evidence to the magistrate judge, to this Court

12

with his Objection to the F&R, or in either of his Rule 60(b) Motions.  This claim is again rejected.

## D.   Claims Re: The Court's Failure to Conduct a De Novo Review

Petitioner alleges that the Court failed to conduct a *de novo* review of the issues raised in his Objections to the F&R, when it refused to consider his Reply to Respondent's Response to his Objections.  *See* ECF #41 (Pet'r Response); ECF #42, September 13 Order at 1-2 n.1.

Petitioner has no right to file a Reply to Respondent's Response to his Objections to the F&R.  *See* Local Rules of Practice for the District of Hawaii, LR74.2.  This Court expressly informed the parties that further briefing would not be allowed absent prior leave of court.  *See* ECF #38.  Petitioner did not seek such leave before filing his Reply.

Moreover, the Court *did* review Petitioner's Reply, and, realizing that it simply reiterated arguments and claims made numerous times throughout these proceedings and in the Objections, it declined to consider the Response.  See ECF #42, September 30 Order at 2 n.1.  This argument provides no basis to reconsider the September 30 Order.

## E.   Remaining Claims Re: Court Error

Petitioner argues that the Court erred, denied him access to the courts, and obstructed justice by denying him counsel and an evidentiary hearing regarding his claim that

13

Harada threatened to kill him during his arraignment and plea.

First, the record clearly supports the magistrate's conclusion that no evidentiary hearing was required to determine Petitioner's claim that Harada threatened him. *See* F&R at 15-16. This Court's independent review of the transcripts of Petitioner's arraignment and plea bear this out. *See* Tr. 6/16/2008, ECF No. 24-4, 1-9; 8/5/2008, ECF No. 24-6 at 2. Petitioner's claim against Harada is conclusory and unsupported by the record, and he provides no new facts or law to convince the Court to revisit this determination. Petitioner is not entitled to an evidentiary hearing on this claims because it does not rely on a new, retroactive rule of constitutional law, its factual predicate was known at trial and determined by the state court, and it fails to establish by clear and convincing evidence that no reasonable fact finder would have found Petitioner guilty of his underlying offenses. *See* 28 U.S.C. § 2254(e)(2).

Second, Petitioner has no right to appointed counsel in habeas actions if no evidentiary hearing is required. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); Rule 8(c), 28 U.S.C. foll. § 2254. As discussed, an evidentiary hearing was not required here. It is within the court's decision to deny appointment of counsel, particularly when the interests of justice are not served by such appointment. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner fails to

14

provide anything persuading the Court that these decisions were
made in error.  Petitioner was not denied access to the courts
based on these decisions to deny him counsel and an evidentiary
hearing.

## IV.  <u>CONCLUSION</u>

Petitioner's Rule 60 motions are not based on a new,
retroactive rule of constitutional law, or facts that are not
already part of the record.  He does not establish by clear and
convincing evidence that, but for his claimed errors, no
reasonable fact finder would have found him guilty of theft and
burglary, his underlying offenses.  The court carefully
considered the merits of Petitioner's claims in the F&R and in
the September 13 Order denying his Objections to the F&R.  The
record is clearly sufficient to determine Petitioner's Rule 60
motions.  Moreover, Petitioner claims, even if established at a
hearing, would not entitle him to federal habeas relief for the
reasons set forth in the August 5, 2011, Findings and
Recommendation.  As such, Petitioner's Rule 60(b) Motions, ECF
#57 and #67, are DENIED.  Petitioner's Motion for Bail or Release
is DENIED as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 9, 2012.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tierney v. Abercrombie*, Civ. No. 11-00246 LEK-RLP; ORDER DENYING PETITIONER'S RULE 60(b) MOTIONS AND MOTION FOR BAIL OR RELEASE; psas\habeas\DMP\2012\Tierney 11-246 lek (dny Rule 60(b) motions)