IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MICHAEL C. TIERNEY,            )   CIV. NO. 11-00246 LEK-RLP
                               )
         Petitioner,           )
                               )
     vs.                       )
                               )
GOVERNOR NEIL ABERCROMBIE,     )
                               )
         Respondent.           )
_____)

**ORDER DENYING PETITIONER'S APPEAL OF**
**THE MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR BAIL OR RELEASE**

Before the Court is pro se Petitioner Michael C. Tierney's ("Petitioner") "Objections to U.S. Magistrate Judge Richard L Puglisi denial of Bail or Release", filed on June 25, 2012. [Dkt. no. 111.] The Court construes this document as Petitioner's Appeal[1] of the magistrate judge's Order Denying Motion for Bail or Release, filed June 15, 2012 ("6/15/12 Order").[2] [Dkt. no. 110.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful

---

[1] In contrast, a party may file objections "to a magistrate judge's case dispositive order, findings, or recommendations under LR72.4, 72.5, and 72.6 [.]" Local Rule LR74.2.

[2] The 6/15/12 Order ruled upon Petitioner's "Motion for Bail or Release Pending Disposition of Motion under Rule 60 b F.R.C.P.", filed on June 13, 2012 ("6/13/12 Bail Motion"). [Dkt. no. 109.]

consideration of the Appeal and the relevant legal authority, Petitioner's Appeal is HEREBY DENIED for the reasons set forth below.

## **STANDARD**

> Local Rule 74.1 states, in pertinent part:
>
> A magistrate judge may hear and determine any pretrial matter pending before the court, except those motions delineated in LR72.4(a). . . . Any party may appeal from a magistrate judge's order determining a motion or matter under LR72.3 . . . within fourteen (14) days after being served with a copy of the order.

Although Local Rule 74.1 applies to the determination of pretrial matters, Rule 10 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636." Thus, the magistrate judge had the authority to rule upon Petitioner's post-judgment 6/13/12 Bail Motion, and Petitioner may appeal the magistrate judge's ruling pursuant to Local Rule 74.1.

In considering Petitioner's Appeal, this Court must set aside any portion of the magistrate judge's 6/15/12 Order that this Court determines is clearly erroneous or contrary to law. See Local Rule LR74.1; see also 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de

novo." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citations omitted). Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, this Court is "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Silverman, 861 F.2d 571, 576-77 (9th Cir. 1988) (some citations omitted) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Hawai`i 2008) (citation and quotation marks omitted).

## DISCUSSION

**I. Jurisdiction**

At the outset, this Court notes that, on July 12, 2012, Petitioner filed a notice of appeal from the 6/15/12 Order to the Ninth Circuit. [Dkt. no. 119.] Insofar as Petitioner filed the instant timely Appeal to this Court before filing the notice of appeal to the Ninth Circuit, the filing of the notice of appeal did not divest this Court of jurisdiction to rule upon the Appeal. See, e.g., Olson v. Lui, Civ. No. 10-00691 ACK–RLP, 2012

WL 830288, at *1 (D. Hawai`i Mar. 8, 2012). This Court therefore turns to the merits of the instant Appeal.

## II. **Merits of Petitioner's Appeal**

In the 6/15/12 Order, the magistrate judge denied Petitioner's 6/13/12 Bail Motion because Petitioner did not present any special or extraordinary circumstances warranting his release on bail. The magistrate judge noted that the 6/13/12 Bail Motion cited legal authority related to the substantive issues Petitioner raised in his pending motion under Federal Rule of Civil Procedure 60(b); Petitioner's cited authority did not address the issue of bail or release pending a ruling on a Rule 60(b) motion.

In the instant Appeal, Petitioner argues that his 6/13/12 Bail Motion does present legal authority addressing that issue. In particular, the Appeal cites United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004), for the proposition that "due process protections require defendants have opportunity to make evidentiary showing to secure release on bail because statute confers sufficient liberty interest in continued release and guilty verdict does not extinguish that interest." [Appeal at 1.] Petitioner also cited Abuhamra in the 6/13/12 Bail Motion. [6/13/12 Bail Motion at 1.]

Abuhamra does not support Petitioner's position that he is entitled to bail or release pending the disposition of his

4

Rule 60(b) motion.  In <u>Abuhamra</u>, the defendant was free on a secured bond during the four-and-a-half-year period between his arrest and his conviction.  The government moved for remand after the verdict, and the district court initially granted the motion.  In denying Abuhamra's motion for reconsideration, the district court relied upon an *ex parte* and *in camera* submission from the government regarding Abuhamra's dangerousness.  Neither the government's submission nor the district court's sealed final order denying release on bail were ever provided to Abuhamra.  389 F.3d at 314-17.  The Second Circuit ultimately concluded that, except in certain rare exceptions, "a court should generally not rely on evidence submitted by the government *ex parte* and *in camera* in ruling on a criminal defendant's application for release on bail."  <u>Id.</u> at 332.  The Second Circuit remanded the case to the district court for reconsideration of Abuhamra's bail application.  <u>Id.</u>

  <u>Abuhamra</u> is inapplicable to the instant case.  First, the magistrate judge did not consider *ex parte* or *in camera* evidence in denying Petitioner's 6/13/12 Bail Motion.  Second, Petitioner's interest in bail or release does not rise to the same level as Abuhamra's interest.  Unlike Abuhamra, who sought to continue his pretrial release, Petitioner is incarcerated at the Saguaro Correctional Center, and this Court has denied his petition for writ of habeas corpus.  [Order, filed 9/30/11 (dkt.

5

no. 42).] Petitioner seeks bail or release pending the disposition of his Rule 60(b) motion filed on May 22, 2012. [Dkt. no. 101.] The Court emphasizes that the May 22, 2012 Rule 60(b) motion is Petitioner's fifth such motion, and all four of his previous Rule 60(b) motions were denied. [Order Denying Third & Fourth Rule 60(b) Motions for Reconsideration and Denying Motion for Recusal, filed 5/17/12 (dkt. no. 98).]

Petitioner's Appeal also cites 18 U.S.C. § 3145(c), which states:

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Petitioner's Appeal, however, does not present any argument why this Court should grant him release on bail pursuant to § 3145(c).

Finally, this Court notes that none of the cases Petitioner cited in the 6/13/12 Bail Motion, except Abuhamra, address the issue of bail or release. This Court also agrees with the magistrate judge that Petitioner has not presented any special or extraordinary circumstances warranting his release on

bail.  Accordingly, the Court CONCLUDES that the 6/15/12 Order was neither clearly erroneous nor contrary to law and DENIES Petitioner's Appeal.

## CONCLUSION

On the basis of the foregoing, Petitioner's June 25, 2012 filing titled "Objections to U.S. Magistrate Judge Richard L Puglisi denial of Bail or Release" is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 13, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL C. TIERNEY V. GOVERNOR NEIL ABERCROMBIE; CIVIL NO. 11-00246 LEK-RLP; ORDER DENYING PETITIONER'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR BAIL OR RELEASE**