IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | No. 1:11-cv-00246 LEK-RLP |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MAY 22, 2012 MOTION FOR |
| vs. | ) | RECONSIDERATION UNDER RULE |
| | ) | 60(b) |
| GOVERNOR NEIL ABERCROMBIE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING PETITIONER'S MAY 22, 2012 MOTION FOR RECONSIDERATION UNDER RULE 60(b)

Before the court is Petitioner' fifth motion for reconsideration ("Motion") of the Order adopting the Findings and Recommendation ("F&R") to deny his Amended Petition for writ of habeas corpus brought under 28 U.S.C. § 2254 ("Amended Petition"), and denying a certificate of appealability ("COA"). *See* Ord., ECF #42; Mot., ECF #101; Suppl., ECF #124.  Respondent has filed an Opposition to the Motion and a Supplement to the Opposition.  ECF #112, #129.  Petitioner has filed several Replies.  *See* ECF #123, #130, #132.

For the following reasons, Petitioner's May 22, 2012 Motion for Reconsideration, ECF #101, and July 25, 2012 Supplement to the Motion, ECF #124, are DENIED.  To the extent that a certificate of appealability is required, it is DENIED.[1]

---

[1] The Motion is suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR99.16.2(a) of the Local Rules of Practice for the District of Hawai`i ("Local Rules").

## I. BACKGROUND[2]

On October 27, 2009, Petitioner was convicted of Theft and Burglary, both in the Second Degree in CR No. 08-1-00869. Although Petitioner was represented by a deputy public defender at his arraignment and plea, the trial court granted his request to proceed *pro se* at trial with standby counsel, after finding that Petitioner knowingly and intelligently waived his right to counsel. Petitioner was appointed new counsel at sentencing and on appeal, Walter Rodby, Esq.

On December 29, 2010, the Hawai'i Intermediate Court of Appeals ("ICA") affirmed Petitioner's conviction. The Hawai'i Supreme Court rejected Petitioner's *pro se* application for *certiorari* on March 7, 2011. On March 16, 2011, Petitioner moved for relief from judgment, which the Hawai`i Supreme Court rejected on March 18, 2011.

On May 5, 2011, Petitioner filed the Amended Petition challenging his conviction in CR No. 08-1-00869, raising four grounds for relief: (1) denial of the right to counsel (Ground One); (2) denial of the right to an impartial judge (Ground Two); (3) jury tampering (Ground Three); and (4) insufficient evidence (Ground Four). ECF #14. The magistrate judge found that Ground One was exhausted but without merit because (1) Petitioner's

---

[2] The parties and the court are familiar with the factual and legal history of this case, and the court repeats only what is relevant to Petitioner's present Motion.

claim that the deputy attorney general threatened to kill him was unsupported by any evidence and patently frivolous, and (2) Petitioner knowingly and intelligently waived his right to counsel. F&R, ECF #33 at 12-18. The magistrate judge then found that Petitioner "technically" exhausted but procedurally defaulted Grounds Two, Three and Four. *Id.* at 18-19, 21. Petitioner failed to show cause, prejudice, or actual innocence to excuse this procedural default, and in particular, could not use his appellate counsel's failure to raise these claims as cause, because Petitioner failed to raise a separate and exhausted claim of ineffective assistance of pre-trial, sentencing, or appellate counsel to the state courts. *Id.* at 21. On August 5, 2011, the magistrate judge found and recommended that the Amended Petition and COA should be denied. *Id.* at 23-25.

This court adopted the F&R over Petitioner's objections on September 30, 2011. ECF #42. Petitioner appealed, and the Ninth Circuit Court of Appeals denied a certificate of appealability on November 28, 2011. *See* App. No. 11-17475, DktEntry 5. On January 24, 2012, the appellate court denied rehearing *en banc*. *Id.* DktEntry 11. On March 19, 2012, the United States Supreme Court denied *certiorari* and later denied the petition for rehearing. *Id.* DktEntry 14, 16.

On May 9, 2012, after remand from the appellate court, this court denied Petitioner's first two motions for reconsideration brought under Fed. R. Civ. P. 60(b) on their merits. ECF #90. On May 17, 2012, the court denied Petitioner's third and fourth Rule 60(b) Motions. ECF #98. On May 22, 2012, Petitioner filed the present Rule 60(b) Motion. ECF #101. On July 25, 2012, Petitioner filed the Supplement. ECF #124.

On June 13, 2012, Petitioner filed a state petition for postconviction relief under Hawai`i Rules of Penal Procedure (HRPP) 40, raising *inter alia*, and for the first time to the state courts, his claims of ineffective assistance of pre-trial, sentencing, and appellate counsel. *See* Exh. A, ECF #129-1. On July 16, 2012, the State answered the Rule 40 Petition; this petition remains pending in the state courts. *See* Exh. B, ECF #129-1.

## II.  **LEGAL STANDARD**

Petitioner moves for relief under Fed. R. Civ. P. 60(b), alleging that there is new evidence supporting reconsideration. Rule 60(b) provides relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Motions to reconsider are committed to the sound discretion of the trial court and must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

### III.  DISCUSSION

For those seeking reconsideration in habeas proceedings, "Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions." *Lopez v. Ryan*, 2012 WL 1520172 *4 (9th Cir. Apr. 30, 2012) ("*Lopez I*"). When a Rule 60(b) motion advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits[,]" it constitutes a second

or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at n.4. On the other hand, a Rule 60(b) motion is not a second or successive petition if it "merely asserts that a previous ruling which precluded a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*

**A.   Claim One: *State v. Tierney***

Petitioner argues that the Hawai`i Supreme Court's recent order in *State v. Tierney*, No. SCWC 29939, --- P.3d ---, 2012 WL 1624006 (Haw. May 7, 2012), constitutes newly discovered evidence warranting reconsideration of the denial of his habeas petition. In *Tierney*, the Hawaii Supreme Court vacated and remanded Petitioner's misdemeanor conviction in CR No. 1P1-08-6561,[3] holding

> [W]hen a court orders an examination to determine whether a defendant is fit to proceed to trial pursuant to Hawaii Revised Statutes (HRS) § 704-404(1), and the defendant refuses to cooperate with the examiner, the examiner must produce a report of the examination that expressly states whether 'such unwillingness of the defendant was the result of physical or mental disease, disorder, or defect,' if possible. HRS § 704-404(5). If it is not possible for the examiner to make that

---

[3] Petitioner was convicted of Promoting a Dangerous Drug in the Third Degree for smoking marijuana on the beach. *See State v. Tierney*, 2012 WL 1624006 (Haw. 2012).

> determination, the examiner must expressly state in the report that it is not possible to determine whether the defendant's unwillingness is the result of physical or mental disease, disorder, or defect.

*Tierney*, 2012 WL 1624006 *1. The Hawai`i Supreme Court held that the circuit court abused its discretion by proceeding to trial without the examiner's explicit determination regarding Petitioner's refusal to cooperate with the examination, and remanded for proceedings consistent with its opinion. *Id.* at *1, *16.

Petitioner claims that the state court has or may soon find that he was incompetent to stand trial in CR No. 1P1-08-6561, and argues that this "new evidence" suggests that he was also incompetent during his trial in CR No. 08-1-00869, the conviction at issue here. *See* Mot., ECF #101, Pet'r Response, ECF #123. Neither *State v. Tierney*, nor the lower court on remand has yet held that Petitioner is or was incompetent to stand trial in CR No. 1P1-08-6561, however, or suggested that Petitioner was also incompetent to stand trial in CR No. 8-1-00869, the theft conviction challenged here. Rather, the supreme court held that the circuit court abused its discretion by not requiring a more explicit statement from the examiner regarding Petitioner's refusal to cooperate, before proceeding to trial on its own determination that Petitioner was fit to proceed. Whether Petitioner was competent to stand trial for his misdemeanor charge is the substance of the remand to the

7

state court in *State v. Tierney*. Whether he was competent to represent himself in CR No. 08-1-8169, is currently before the state courts in Petitioner's pending Rule 40 Petition. *See* Resp.'s Exh. A, ECF #129-2 at 13.

Petitioner is challenging this court's decision to deny Ground One on its merits based on a new theory for relief allegedly supported with new law. This new and unexhausted claim is precisely the type of claim that the Supreme Court determined is not cognizable on a motion for reconsideration under Rule 60(b)(2). *See Gonzalez*, 545 U.S. at 531-32, 538(citing *Rodwell v. Pepe*, 324 F.3d 66, 69 (1st Cir. 2003)); *see also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits."); *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (*per curiam*), *cert. den.*, 538 U.S. 984 (2003). As such, this court is prohibited from reviewing this claim under § 2244(b) as a second or successive claim.

**B.   Claim Two: IAC Claims and *Martinez v. Ryan, et al.***

Petitioner argues in his Supplement that *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012) constitutes new evidence supporting reconsideration of the denial of his habeas

petition.[4]  *See* Supp. to Mot., ECF #124.  In *Martinez*, the Supreme Court held that the ineffective assistance of counsel during initial review collateral proceedings, in states where ineffective assistance of trial counsel claims must be brought on collateral review rather than on direct appeal, may be used to establish cause for a prisoner's procedural default of such claims.  132 S. Ct. at 1315.  *Martinez* therefore "changed the landscape with respect to whether ineffectiveness of postconviction counsel may establish cause for procedural default," by modifying "the unqualified statement in *Coleman* [*v. Thompson*, 501 U.S. 722 (1991)], that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default."  *Id.; see also Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012) ("*Lopez II*").  *Martinez* therefore creates a narrow, non-constitutional exception to *Coleman*: "Inadequate assistance of counsel at initial-review collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  132 S. Ct. at 1315 (emphasis added).

Petitioner argues that *Martinez* supports reconsideration of this court's holding that his unexhausted ineffective assistance of pre-trial and appellate counsel claims

---

[4] Although not explicit, Petitioner may also be arguing that *Martinez* constitutes a change in controlling law sufficient to support reconsideration.

do not constitute cause to excuse his procedural default in Grounds Two, Three, and Four.  Petitioner misapprehends *Martinez*.  *Martinez* does not hold that prisoners, like Petitioner, who failed to raise *any* ineffective assistance of counsel claim on direct appeal and failed to bring a collateral review postconviction petition before commencing federal habeas proceedings are excused from their procedural default.  To the contrary, *Martinez* simply modifies *Coleman*'s once unqualified rule that an attorney's ignorance or inadvertence in a postconviction proceeding cannot qualify as cause because there is no right to counsel in postconviction proceedings.  *Coleman*, 501 U.S. at 736.  In *Martinez*, the Court recognized that, when a postconviction proceeding is the first time under state law that ineffective assistance of trial counsel claims can be raised, ineffective assistance of postconviction counsel may qualify as cause to excuse a procedural default.  *Martinez*, 132 S. Ct. at 1315.  The Court declined to determine whether there is a constitutional right to counsel in such collateral proceedings, however.  *Id.*

   First, Hawaii, unlike Arizona, does not require that a petitioner raise ineffective assistance of trial counsel claims on collateral proceedings, but presumes that, unless trial and appellate counsel are the same, ineffective assistance of trial counsel claims will be brought on direct appeal.  Petitioner's

attorney, Rodby, did not raise an ineffective assistance of trial counsel claim on direct appeal.  Nor could he, as Petitioner represented himself at trial and Petitioner's claims that his pre-trial attorney tried to kill him were frivolous and therefore not subject to appeal.  *Martinez*'s holding, insofar as Petitioner tries to apply it to his failure to raise an ineffective assistance of counsel claim against his pre-trial or trial attorney, who Petitioner claims threatened to kill him, does not constitute a change in controlling law, is inapposite, and is frivolous.

Second, when he commenced this action, Petitioner had never properly brought any postconviction petition nor raised any ineffective assistance of counsel claims in the state courts.[5]  *Martinez* does not constitute a change in controlling law on these facts.  While "*Martinez* constitutes a remarkable — if 'limited,'- . . . development in the Court's equitable jurisprudence[,]" *Lopez II*, 678 F.3d at 1136, it does not change the otherwise settled law that ineffective assistance of counsel may constitute cause for the procedural default of another claim only if the independent ineffective assistance of counsel claim, itself, has been exhausted in state court.  *See Edwards v.*

---

[5] Petitioner filed a non-conforming Rule 40 petition challenging the Hawaii Paroling Authority's decision to deny him parole, SPP No. 10-1-0018. *See* ECF No. 24-36. This petition was dismissed after Petitioner failed to complete the proper forms and was affirmed on appeal. *See* F&R, ECF #33 at 6.

*Carpenter*, 529 U.S. 446, 452-53 (2000); *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *see also* F&R, ECF #33 at 21; Ord. Denying Pet'rs Rule 60(b) Motions, ECF #90 at 10-12.  *Edwards* involved a petitioner who pointed to errors by his state counsel on direct appeal as the "cause" for his default of another claim, as Petitioner tries to do here.  529 U.S. at 450–51.  The Supreme Court held that because the basis for the asserted "cause"—ineffective assistance on appeal—was a constitutional claim and could be an independent basis for relief, it must also be exhausted properly in the state courts.  *Id.* at 453.  Thus, any alleged ineffective assistance of counsel by Rodby on direct appeal cannot serve as cause here because Petitioner has at this point failed to raise such a claim and it is also likely procedurally defaulted.

Third, Petitioner's argument that *Maples v. Thomas*, 132 S. Ct. 912 (2012) supports reconsideration is equally unavailing.  *Maples* held that, on its very specific and unusual facts, when postconviction counsel abandons a capital prisoner without notice so that he misses a filing deadline to appeal in the postconviction proceedings, cause exists to excuse procedural default.  *Id.* at 927.  Petitioner argues that Rodby, his attorney on direct appeal, abandoned him by failing to file a petition for writ of certiorari to the Hawaii Supreme Court, thus constituting cause to excuse his procedural default.

Petitioner is mistaken. First, the Hawaii Supreme Court accepted, considered and rejected Petitioner's pro se petition for certiorari. There was no procedural default of any claims that Petitioner raised on direct review and this court explicitly denied it on its merits. Second, in Hawaii a prisoner is not required to seek certiorari to exhaust his claims. *See* Haw. R. App. P. 40.3 (2009). Petitioner's claims on direct appeal were fully exhausted when Rodby appealed to the ICA. There was no requirement that Rodby seek certiorari and Petitioner's claims were not procedurally defaulted by Rodby's failure to do so. Rodby does not represent Petitioner in his recently filed postconviction proceedings and cannot be seen as having "abandoned" him. *Maples* is inapposite to Petitioner's claims.

Under *Gonzalez* a district court has jurisdiction to consider a Rule 60(b) motion challenging a procedural default ruling. Petitioner, however, has already sought reconsideration of this court's holding that he failed to exhaust any ineffective assistance of counsel claims, and that they cannot, therefore constitute cause to excuse his procedural default of Grounds Two, Three, and Four. *See* ECF #57, #67. Petitioner still fails to provide evidence showing that he exhausted his ineffective assistance of counsel claims regarding his pre-trial, sentencing, or appellate attorney before filing his

Amended Petition, before the magistrate judge issued the F&R, before this court adopted the F&R, or before he moved for reconsideration. To the contrary, the record demonstrates that he did not. Citation to *Martinez* is unavailing and does not constitute "new evidence," or a change in controlling law justifying reconsideration. Petitioner never raised an IAC claim in state postconviction proceedings or on direct appeal, therefore *Martinez* has no application to Petitioner's claims.

**C.   Petitioner's New Claim For Transfer To Hawaii**

Petitioner now argues that the State must transfer him back to Hawaii from Arizona pursuant to Haw. Rev. Stat. § 353H-7. Petitioner was transferred to Arizona long after this court denied his habeas petition and that denial was affirmed. This new claim is not part of Petitioner's challenge to his conviction in the present proceeding and must be raised in a separate action, after it has been fully exhausted in the state courts.

**IV.   <u>CERTIFICATE OF APPEALABILITY</u>**

To the extent a certificate of appealability is needed to appeal this Order, *see United States v. Washington*, 653 F.3d 1057, 1065 n.8 (9th Cir. 2011) (noting that it is an open question whether a COA is required to appeal the denial of a legitimate Rule 60(b) motion), *cert. denied*, --- U.S. ----, 132 S.Ct. 1609 (2012), the court finds that reasonable jurists could

14

not debate its resolution of Petitioner's Rule 60(b)(6) motion. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

### V. CONCLUSION

Petitioner's first claim, regarding *State v. Tierney's* effect on his conviction in CR No. 8-1-8169, is a new claim that challenges a determination on the merits that he knowingly and intelligently waived his right to counsel. As such, it is the equivalent of a second or successive petition. The court may not consider this general claim of "new evidence," now framed as a question of whether he was incompetent to represent himself at trial, absent authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner's second claim, that *Martinez v. Ryan*, constitutes new evidence or an intervening change in controlling law supporting reconsideration, does not establish by clear and convincing evidence that, but for this new case, no reasonable fact finder would have found him guilty of theft and burglary, nor show a need to correct clear error or prevent manifest injustice. The court declines to reconsider its prior rulings that Petitioner failed to show cause to excuse his procedural default in Grounds Two, Three, and Four. Petitioner's other arguments are similarly without merit. Petitioner's May 22, 2012 Rule 60(b) Motion and July 25, 2012 Supplement, ECF #101 and

#124, are DENIED.  Any request for certificate of appealability

is DENIED.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, August 29, 2012.



                             /S/ Leslie E. Kobayashi
                             Leslie E. Kobayashi
                             United States District Judge

*Tierney v. Abercrombie*, Civ. No. 11-00246 LEK-RLP; ORDER DENYING PETITIONER'S MAY 22, 2012 MOTION FOR RECONSIDERATION UNDER RULE 60(b) ; psas\recon\2012\Tierney 5th R60 stuff\Tierney 11-246 lek (dny Rule 60(b) motions)