IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434, | NO. 1:11-cv-000246 LEK-RLP |
| Petitioner, | ORDER DENYING MOTION UNDER RULE 60(b) |
| vs. | |
| NEIL ABERCROMBIE, et al., | |
| Respondents. | |

**ORDER DENYING MOTION UNDER RULE 60(b)**

Before the court is Petitioner's motion for reconsideration of the denial of his **fifth** motion for reconsideration of the September 30, 2011, Order adopting the Findings and Recommendation (F&R) to deny his Amended Petition for writ of habeas corpus. ECF #136. Petitioner brings this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]

**I. LEGAL STANDARD**

Rule 60(b) permits reconsideration based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59;

---

[1] Petitioner has filed numerous objections, motions for reconsideration, and appeals in this action and it is somewhat confusing determining for which orders he seeks reconsideration. *See e.g.*, ECF #17, #25, #35, #52, #57, #59, #67, #72, #75, #81, #91, #96, #101, #106, #111, #115, #118 #119, #124, #125, #126, #130, #134, #136.

(3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

## II. **DISCUSSION**

Plaintiff complains that the court should have referred his previous motion for reconsideration to the Ninth Circuit Court of Appeals, because the court found that Petitioner's arguments for reconsideration were simply arguments in support of a second or successive habeas petition. Plaintiff also rehashes the arguments he presented in his earlier motions for reconsideration of the decision denying his habeas petition.

First, this court is under no obligation to refer a petitioner's second or successive petition for writ of habeas corpus to the appellate court. Rather, it is the petitioner's responsibility "to move in the appropriate court of appeals for

an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Moreover, the court did not construe Petitioner's motion for reconsideration as a second or successive petition for writ of habeas corpus, it rejected the motion because it presented claims in support of such a petition.

Second, Petitioner provides no intervening change in controlling law, new evidence, or a sufficient argument showing the need to correct clear error or prevent manifest injustice relating to this court's denial of his previous motion for reconsideration, or relating to the Order adopting the F&R to deny the petition. Plaintiff's Motion Under Rule 60(b), ECF #136, is DENIED.

Finally, the court has the inherent power to control its docket and the responsibility to manage its cases to further the ends of justice. *See Ready Transp., Inc., v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010). That power includes, inter alia, the right strike items from the docket, *see, e.g.*, *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586-87, 588 (9th Cir. 2008); strike deposition corrections and declarations, *see Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224-26 (9th Cir. 2005); and to strike irrelevant briefs and pleadings, as sanctions for litigation conduct, *see Carrigan v. Cal. State Legislature*, 263 F.2d 560, 564 (9th Cir. 1959). "Every paper

filed with the Clerk of [] Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Day v. Day*, 510 U.S. 1, 2 (1993), citing *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam).  "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *Whitaker v. Superior Court of San Francisco*, 514 U.S. 208, 210 (1995) (citation omitted).

Petitioner has shown that he has the ability to file a notice of appeal when it suits his purposes.  His serial filing of frivolous motions for reconsideration appear to be an effort to hinder the just disposition of this case.  In an effort to control this litigation and ensure that justice is served to both parties, the Clerk of Court is DIRECTED to docket any further motions for reconsideration from Petitioner as notices of appeal, and to process them accordingly.

### III.  CONCLUSION

Petitioner's Motion for Reconsideration is DENIED.  The Clerk shall docket any further motions for reconsideration in this matter as notices of appeal and process accordingly.  To the extent that a certificate of appealability is required, it is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 27, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tierney v. Abercrombie*, 1:11-cv-00246 LEK-RLP; ORDER DENYING MOTION UNDER RULE 60(b); G:\docs\prose attys\Recon\DMP\2012\Tierney 11-246 lek (7th R60 mot.).wpd